```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

United States of America

    v.                              Case No. 2:13-cr-270-10

China M. Hester

<u>OPINION AND ORDER</u>

By judgment entered on October 9, 2019, defendant's supervised release was revoked, and defendant was sentenced to a term of incarceration of eighteen months, to run consecutive to the term of incarceration of time served imposed in Case No. 2:19-cr-86.  The court has received a letter from the defendant in which she requests to be released on home confinement in light of the COVID-19 epidemic.  The court will address defendant's letter as a motion.

Insofar as defendant's letter is construed as a request for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i) based on the COVID-19 risk and her health concerns, the court notes that before a defendant can file a motion for reduction in sentence for "extraordinary and compelling reasons" under that section in the district court, the defendant must first ask the warden to file a motion for a reduction in sentence on her behalf.  If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before filing a motion in district court.  If, on the other hand, the defendant presents her request to the warden and receives no response within thirty days, she may then file a motion in the district court.  <u>See</u> <u>Daniels</u>, 2020 WL 1938973, at *2-3; <u>Guzman v. United States</u>, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019).  The exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic.  <u>See</u>, <u>e.g.</u>, <u>United</u>

States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). Defendant has not alleged or presented evidence that she has exhausted her administrative remedies.

To the extent that the defendant's letter can be construed as a request for the court to order the Bureau of Prisons ("BOP") to permit her to serve the remainder of her sentence on home confinement, the motion is not well taken.  Under 18 U.S.C. §3621(b), the BOP has the sole authority to determine the place of a defendant's confinement.  Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), §12003(b)(2), the director of the BOP has the discretion to lengthen the maximum home confinement placement otherwise permitted under 18 U.S.C. §3624(c) during the covered emergency period.  See CARES Act, Pub.L. 116-136, Div. B., Title II, §12003(b)(2).  Only the BOP has the authority to place a defendant on home confinement under §3624(c) and the CARES Act.  See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *1-2 (N.D. Ala. Apr. 22, 2020); United States v. Serfass, No. 3:15-39, 2020 WL 1874126, at *3 (M.D. Pa. Apr. 15, 2020).

The request for compassionate release is denied without prejudice due to defendant's failure to exhaust her administrative remedies.  The motion for an order directing the BOP to place defendant on home confinement is denied.

Date: June 2, 2020                         S/James L. Graham
                                           James L. Graham
                                           United States District Judge